UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCR HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>AXXCESS CAPITAL PARTNERS, LLC,<br><br>  Defendant. | Case No.:  3:21-cv-1027-L-RBB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is Defendant's motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12. Plaintiff opposed, and Defendant responded. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **DENIES** the motion.

*Legal Standard*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

***Factual Background***

AIM Brands, LLC ("AIM") received $9,500,000 in loans from Plaintiff TCR Holdings, LLC ("Plaintiff") to purchase 15 million masks (or respirators). (ECF 1, Complaint at ¶¶ 5-7).

AIM later entered into an irrevocable corporate purchase order ("ICPO") with Ravenswood Group, LLC ("Ravenswood"). (*Id*. at ¶ 8). The ICPO obligated Ravenswood to purchase the masks at $2.05 per unit. *Id*.

Defendant Axxcess Capital Partners, LLC ("Defendant"), in coordination with Ravenswood, sent a purchase order for all the masks at $2.05 per unit ($30,750,000 total purchase price). (*Id*. at Exhibit B). The pick-up location was set as Arkansas. *Id*. Defendant's alleged managing director, Ron Gabaldon, signed it and requested Ravenswood send the order to the seller (AIM). *Id*. The order was on Defendant's letterhead. *Id*.

AIM accepted the purchase order and sent Defendant an invoice with the same unit and price amount (15 million masks at $2.05 per unit). (*Id*. at Exhibit C) (Defendant's "executed Purchase Order . . . was . . . signed and accepted.") The invoice also contained the order number from Defendant's purchase order. *Id*.

Defendant had access to the units, it inspected and approved them. (*Id*. at ¶¶ 23-24). But Defendant has not paid the amount due under its purchase order or satisfied its obligations. (*Id*. at ¶ 26).

AIM entered into an assignment agreement with Plaintiff as to the rights under the alleged agreement. Plaintiff thereafter initiated this action, asserting a breach of contract claim. Defendant now moves to dismiss it without leave, arguing Plaintiff failed to set forth a plausible claim.

***Discussion***

To plead a breach of contract claim, a plaintiff must set forth plausible allegations as to (1) an enforceable contract, (2) plaintiff's performance, (3) defendant's material

breach, and (4) resulting damages. *See, e.g., First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).[1]

Here, Plaintiff alleges Defendant sent AIM a purchase order for 15 million masks at $2.05 per unit. Plaintiff also alleges AIM accepted that offer and sent Defendant an invoice for that amount ($30,750,000). The invoice referenced the same product, quantity, price, pick-up location, and order number. Defendant inspected the units and approved them. Yet it has not paid the amount owed under the agreement or satisfied its obligations. These allegations set forth a plausible claim against Defendant.

The Court rejects Defendant's argument that the complaint fails to show Mr. Gabaldon was authorized to enter into the agreement. He is alleged to be Defendant's managing director. And the purchase order – which he signed – was on Defendant's letterhead. He also sent it via an email address associated with Defendant's domain name.

The Court likewise rejects Defendant's argument as to the ICPO between AIM and Ravenswood. Plaintiff's claim is plausible without reference to that arrangement. Regardless, it is plausible to infer from the allegations that Defendant assumed the obligations under that arrangement. The ICPO indicated Ravenswood intended to transfer its rights to Defendant. (Compl. at Exhibit A). And Defendant sent its purchase order – in coordination with Ravenswood – to AIM on the same date as the ICPO. (*Id*. at Exhibit B).

Defendant also failed to set forth legal support for its argument that AIM did not accept the purchase order (or at least the essential terms: product, price, quantity, and pick-up location, etc.) because AIM's invoice stated, "offer valid until . . ." And again,

---

[1] The parties dispute what state law applies to the alleged contract (and thus this action). Plaintiff argues Arkansas law applies; Defendant relies on California law in its memorandum. Because Plaintiff relies on factual allegations to support its contention (*e.g.*, where the parties entered into the agreement), it is more appropriate to rule on this issue at a later stage. The Court is nevertheless able to decide the motion to dismiss as those states have similar contract laws.

the invoice stated Defendant's "executed Purchase Order . . . was . . . signed and accepted." (Compl. at Exhibit C). Defendant's remaining arguments do not change the plausibility of the claim.

The motion to dismiss stage is not where factual disputes are resolved. The issue is whether Plaintiff set forth a plausible claim and provided Defendant with adequate notice as to the allegations asserted against it. Because Plaintiff did that, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

Dated: December 17, 2021

                                      Hon. M. James Lorenz
                                      United States District Judge